CORNELIUS DOUGHERTY'S (dependent's) Case.

Hampden. April 25, 1921. — May 25, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & JENNEY, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.

While a heat prostration received by a teamster in the employment of a coal and wood company who about three o'clock in the afternoon of an extremely hot day in August, after having delivered a load of coal, complained that he did not feel well and was ordered by his employer to put up his team and go home and about half an hour later was found unconscious and several hours later died as a result of the heat prostration, is an injury received in the course of his employment it is not one arising out of the employment within the meaning of the workmen's compensation act.

CERTIFICATION to the Superior Court of a decision of the Industrial Accident Board affirming and adopting findings and rulings of a single member of the board that the claimant Nellie Dougherty had not sustained the burden of proving that a heat prostration which caused the death of her husband Cornelius, the employee, on August 1, 1917, was due to a personal injury which arose out of and in the course of his employment as a teamster for the Union Coal and Wood Company and that it had not been shown that the employee was subjected by reason of his employment to materially greater danger of heat prostration than other outdoor workmen on the day in question; and dismissing the claim for compensation.

In the Superior Court the case was heard by *King*, J. Material facts found by the board are described in the opinion. By order of the judge a decree was entered in accordance with the decision of the Industrial Accident Board. The claimant appealed.

The case was submitted on briefs.

*T. J. O'Connor,* for the claimant.

*M. D. Graves & H. A. Moran,* for the insurer.

CROSBY, J. The undisputed facts in this case show that the employee was a teamster in the employ of the Union Coal and Wood Company. On August 1, 1917, about three o'clock in the afternoon, after having delivered a load of coal, he drove into his

employer's yard and complained to one Finn, the treasurer of the company, that he did not feel well and that he was not perspiring; he was ordered to put up his team and go home; about half an hour later it was reported that he was lying in the employer's barn and was unconscious; he was removed to a hospital and died several hours later, his death being due to heat prostration. The day in question was extremely hot, the temperature registering between ninety-eight and ninety-nine degrees in the afternoon.

It is plain that the sunstroke which resulted in the death of the employee was suffered while he was doing the work he was employed to perform; therefore the injury was received in the course of his employment.

The question remains whether the injury arose out of the employment within the meaning of the workmen's compensation act. An injury arises out of the employment when it appears in view of all the circumstances that there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. The first interpretation by this court of the workmen's compensation act in this connection is found in *Mc-Nicol's Case*, 215 Mass. 497, at page 499, where it is said that "if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises ' out of ' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood." *Hewett's Case*, 225 Mass. 1. *Donahue's Case*, 226 Mass. 595. *Warner* v. *Couchman*, 4 B. W. C. C. 32. See *McManaman's Case*, 224 Mass. 554; *Mooradjian's Case*, 229 Mass. 521.

In the case at bar a member of the Industrial Accident Board found that upon all the evidence the claimant " has not satisfied the burden of proving that the heat prostration which caused the death of her decedent was occasioned by or causally related to a personal injury which arose out of and in the course of his employment." This finding was affirmed and adopted by the board on review which found that " it has not been shown that the em-

ployee was subjected by reason of his employment to materially greater danger of heat prostration than other outdoor workers on the day in question." There was no evidence to show that the employee, while engaged in delivering coal on the day of his death, was peculiarly exposed to the danger of sunstroke by reason of the nature of his work; the hazard of injury from that cause would not seem to have been different from that to which persons in general in that locality who worked in the open were exposed. It cannot be said as matter of law that the findings of the board were without evidence to support them. The case at bar is plainly distinguishable in its facts from *McManaman's Case, supra, O'Brien's Case,* 228 Mass. 380, *McCarthy's Case,* 230 Mass. 429, and *McCarthy's Case,* 231 Mass. 259, where a different result was reached. The entry must be

<div align="right">

*Decree affirmed.*