HAGROVE *v.* ARNOLD CONSTRUCTION CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—FREEZING OF HAND NOT AN ACCIDENT UNDER THE ACT.

The freezing of a workman's hand while he was handling brick and stone somewhat covered with snow, in the course of his employment of tending masons, on a day when the temperature averaged 12 degrees above zero, *held*, not an accident within the meaning of the workmen's compensation act, for which his employer could be held liable.[1]

Certiorari to Department of Labor and Industry. Submitted January 9, 1925. (Docket No. 59.) Decided April 3, 1925.

Birl Hagrove presented his claim for compensation against the Arnold Construction Company and the London Guarantee & Accident Company, Limited, insurer, for an alleged accidental injury in defendant's employ. From an order denying liability, plaintiff brings certiorari. Affirmed.

*William K. Clute,* for appellant.

*G. F. Classon,* for appellees.

MOORE, J. This is certiorari to the department of labor and industry, to review an order made by them. The facts in the case are not in dispute. Testimony shows that the plaintiff, on January 17, 1924, was employed by the defendant Arnold Construction Company as a brick mason tender. He had been so employed about a week prior to the latter date. On January 17, 1924, the plaintiff began work at 8 o'clock in the morning and quit at 4:30 in the afternoon, working

[1]Workmen's Compensation Acts, § 54.

On recovery under workmen's compensation act for injury caused by freezing, see note in L. R. A. 1918F, 936; 13 A. L. R. 975; 16 A. L. R. 1038; 25 A. L. R. 146.

the usual 8-hour day.   He was engaged in serving brick and tending masons on a scaffold.   There were 21 masons and laborers working on the job at the time.   It was plaintiff's duty to load up a wheelbarrow with brick, run the wheelbarrow to an elevator bringing the material to a scaffold.   From this scaffold the brick were handed or thrown to the masons working on a structure 5 feet higher.

It was testified to that the temperature on the day in question from 8 o'clock in the morning until 5 o'clock in the evening ranged from 8 to 17 degrees above zero, with an average temperature for the period of 12 degrees above zero.   The men were engaged in constructing a building for the Pere Marquette Railway Company, at its Wyoming yard.   It was the plaintiff's testimony that nothing happened to him during the day except that his hands got cold and numb.   He wore mittens on his hands, one of them getting slightly wet during the course of his work during the day.   It was the plaintiff's further testimony that it had been snowing for about a week and that there was considerable snow on the ground.

He further testified:

"*A.* That night I come home, got by the fire, my hand began to hurt, began to swell, only here I began to grab my arm here, and I walk the floor all night, and next morning I goes back to work, show it to the boss, and the boss report to the office, told me to go to the doctor right away, and they give out slip, tell me to go down there right away, my hand is frozen. So I go down to Ionia and Monroe, on the second floor, Dr. Foshee, his office is 808."

As a result of the freezing, the first joint of the middle finger of the right hand was amputated on March 14, 1924, and the balance of the right hand was in such condition that at the time of the arbitration he was still incapacitated for work.

The question is, Did plaintiff suffer an accident?

The contention of counsel for the plaintiff is well stated as follows:

"I claim that a workman who froze his hand while he tended a brick mason on the scaffolding of a building at an elevation of 25 feet from the ground, on a day from 8 a. m. to 4:30 p. m., when the cold wave flag was up, in a temperature ranging from 8 degrees to 12 degrees above zero, and his work required him to handle material such as brick, and stone for coping, and the workman frequently got his hand in the snow as a part of the work of handling material and his mitten got wet, which was a hazardous employment, and his hand froze so that the flesh sloughed off his fingers, and there was required the amputation of a portion of one finger—was, within the meaning and intent of the Michigan workmen's compensation act, an accidental personal injury arising out of and in the course of his employment, and hence was compensable where total or partial disability ensued. There were no contradictory facts, and the sole question is whether the above rule of law I claim to apply is the correct doctrine in this State."

The principle involved is not new in this court. It was considered in *Landers* v. *City of Muskegon*, 196 Mich. 750 (L. R. A. 1918A, 218), and *Savage* v. *City of Pontiac*, 214 Mich. 626. We think these cases are controlling and are not inclined to overrule them as suggested by counsel.

The action is affirmed, with costs to the appellees.

McDonald, C. J., and Clark, Bird, Sharpe, Steere, Fellows, and Wiest, JJ., concurred.