ADOLPH ROOT, ISRAEL MARCUS, LOUIS P. KARSHMAR
AND FANNIE KARSHMAR, PROSECUTORS, v. THE
MAYOR AND ALDERMEN OF JERSEY CITY AND THE
CITY CLERK OF JERSEY CITY, RESPONDENTS.

Decided November 12, 1927.

Municipalities—Ordinances—Improvements—Notices to Owners
of Land to be Taken—Ordinance Proposed to Take Land for
Street Improvement—Held, Defective in That First, Ordi-
nance Did Not State the Location and Character of the Im-
provement With Sufficient Definiteness as the Law Requires;
and Second, it was Illegally Passed, Since There was No
Notice of Its Pendency to the Prosecutors as the Law Re-
quires—The Statutes Relating to Municipal Ordinances Re-
viewed.

On *certiorari.*

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutors, *Perkins & Drewen.*

For the respondents, *Thomas J. Brogan.*

PER CURIAM.

The *certiorari* allowed in this case brings up for review an
ordinance, adopted by the board of commissioners of the
mayor and aldermen of Jersey City, entitled "An ordinance
to improve Grove street, Newark avenue and Railroad avenue,
all in the city of Jersey City, by altering and changing the
aforesaid streets in accordance with a hereinafter-mentioned
plan," and which ordinance ordains:

"(1) That for the purpose of altering and changing and
otherwise improving all of the aforesaid streets, all of the
property now herein described shall be taken over and ac-
quired by the city of Jersey City for its uses and purposes:

"(a) All of the several properties, together with all im-
provements and appurtenances thereto, now known as lots
1, 2, 3, 4, 5 and 6 in block No. 204, as shown and described

more particularly on a certain map which is annexed hereto and made part hereof.

"(2) All of this said improvement is to be made in conformity with provisions of chapter 152 of the laws of 1917, and the various supplements thereto and amendments thereof, and in accordance with other specifications hereafter to be prepared.

"(3) All of this said improvement shall be deemed to be local only in some certain part or parts hereafter to be determined by the board of assessment, commissioners of the city of Jersey City, and for such part of this improvement as may be determined upon by this said board, a proportion of the costs of the improvements will be taxed.

"(4) This ordinance shall take effect immediately."

There was annexed to the ordinance a map which contained the following note: "Plotted from survey made 1899 by N. B. Wortendyke, checked and found to agree with the city assessment map of 1926," and a diagram representing Newark avenue, Railroad avenue and Grove street, and a triangular shaped plot representing lots marked 1, 2, 3, 4, 5 and 6.

There was no other description than that above indicated of the property to be affected by the proposed improvement.

The prosecutors were the owners of lots numbers 1, 2 and 3.

The grounds relied on by them and urged for setting aside the ordinance are—(1) That the ordinance is contrary to the express mandate of the statute, in that the ordinance does not "state the location and character of the improvement to be made," and (2) that the ordinance was illegally passed and adopted because the prosecutors were not afforded an opportunity to be heard and because the ordinance was passed without notice to the prosecutors of its pendency.

First, as to the prosecutors' contention that the ordinance is invalid because it does not state the location and character of the improvement to be made. This contention is, apparently, based on the provision of section 23, article 20 of chapter 152 of the laws of 1917, as amended by chapter 71 of the laws of 1925, which section reads: "When any im-

provement ordinance shall require the taking of lands or real estate, or any rights or interests therein of any owner thereof, the ordinance for that purpose, when introduced, shall state the location and character of the improvement proposed to be made, the lands and real estate to be taken therefor sufficiently described so as to be readily identified, and such ordinance shall be accompanied by a map prepared under the direction of the governing body showing in detail the location and dimensions of such land proposed to be taken."

It is manifest from an examination and reading of the ordinance that it does not state the character of the improvement proposed to be made. It is to be observed that section 23 of the Home Rule act, above quoted, not only requires that the location and character of the improvement to be made shall be stated in the ordinance, but that such ordinance shall be accompanied by a map also.

The failure to state in the ordinance the location and character of the improvement, and to sufficiently describe the lands and real estate to be taken for such improvements is fatal to the validity of the ordinance. The statute makes these requirements pre-essentials to be complied with for the enactment of a valid ordinance.

The second point made against the validity of the ordinance is that it was illegally passed and adopted, in that no opportunity was afforded to the prosecutors to be heard before its passage, and because the ordinance was passed without notice to them of its pendency. Subdivision "A" of section 1, of article 10, of chapter 155 of the laws of 1925, paragraph 1, provides: "Every ordinance after being introduced and having passed a first reading shall be published at least once in a newspaper printed and circulated in the municipality, if there be one, and if not in a newspaper printed in the county and circulated in the municipality, together with a notice of the introduction thereof and the time and place when and where such ordinance will be further considered for final passage."

Paragraph (b) of section "A" provides, in case of ordinances providing for local improvements authorized by article

20 of the Home Rule act, such publication shall be twice, once of which shall be at least ten days prior to the time fixed for further consideration of final passage, and within the same time a copy of such notice shall be mailed to every person whose lands may be affected by such ordinance.

The record discloses that no notice was given to the prosecutor of any hearing to be held on the ordinance, as is required to be given by the statute, before its proposed passage. From the record it appears that a hearing was had on September 7th, 1926, at which time the ordinance in question was considered, and that at that hearing there was no objection presented against the ordinance. Since the record discloses that no notice was given to the prosecutors of such hearing, we cannot assume, in the absence of any testimony or circumstance tending to show that any one of them was present, that they were otherwise made aware of the hearing.

It is true that under paragraph (b) it is further provided that the failure to mail the notice therein provided for shall not invalidate any ordinance, proceeding or assessment.

This provision seems to us can only be understood in the sense, if that is practicable, so far as owners of land affected by the ordinance, who have received statutory notice, the failure to give such notice to one or more owners of lands affected by the ordinance shall not invalidate such ordinance as to those who have received notice. To adopt any other view would not only make the provision of the statute requiring the giving of notice an idle ceremony, but would impliedly sanction the taking of one's property without due process of law. See *Loudenslager* v. *Atlantic County*, 86 *N. J. L.* 555.

We cannot say, from the record before us, that the prosecutors are chargeable with laches.

For the reasons stated, the ordinance should be set aside.