[S. F. No. 13035.   In Bank.—December 15, 1928.]

TOM COLLINS, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and BROWN' & McGREW et al., Respondents.

Bronson, Bronson & Slavin for Petitioner.

G. C. Faulkner and R. R. Wisecarver for Respondents.

LANGDON, J.—This matter comes before us upon a petition for a writ to review a judgment of the Industrial Accident Commission, denying compensation to the petitioner. The facts of the case appear from the findings of said Commission, as follows:

Tom Collins was employed as a painter on the second day of July, 1926, at Sacramento, California, by defendants Brown and McGrew. The other defendant is the insurance carrier. Collins, during the course of his employment, suffered a heat stroke or heat exhaustion by reason of exposure to the heat and rays of the sun, resulting in intra-

cranial damage of considerable severity. The Industrial Accident Commission found that the employee had failed to establish that he had been subjected to exposure greater than that experienced by the commonalty in that vicinity, and that, therefore, the danger of sunstroke, heat prostration or heat exhaustion did not constitute a hazard incident to that particular employment and, therefore, did not arise out of said employment.

The record discloses that the employee, a painter, started to work on a roof in the city of Sacramento, California, at about 8 o'clock A. M., using a roofing paint consisting of graphite, linseed oil, and some turpentine. Very noticeable symptoms of some disorder began to appear about 10 o'clock when the temperature was only 72 degrees, according to the United States Weather Bureau report introduced in evidence. This report shows temperatures as follows in Sacramento on the day in question: 63 degrees at 8 A. M., 67 degrees at 9 A. M., 72 degrees at 10 A. M., 77 degrees at 11 A. M., and 81 degrees at 12 noon. The humidity at noon was 42, at which time the employee collapsed after descending a ladder to the ground. He was taken to a hospital where he became violent and irrational and continued so for some time. There is considerable question, from the evidence, as to whether employee's condition was caused from sunstroke or whether it was due to other causes, but the Commission has found this issue in favor of said employee.

The Commission took the position that the burden was upon the employee to establish that the temperature on the roof where employee was working was greater than the temperature on the street, and suggested to the representative of the employee that a test be made and the results submitted. This was not done, however, and there is no evidence appearing in the record from which it could be concluded that there was a higher temperature on the roof than the temperature in the city generally. On the other hand, the Commission takes the position that as the roof was a dark shingle roof, the radiation of heat would be less than from a light colored sidewalk; that employee was at a height where he would get any breeze there was and that he was in as favorable a position, if not a more favorable one, than persons, generally, in the city.

The record merely presents a question of fact, which the Commission has properly decided against the employee in the absence of evidence, because upon him rested the burden of proof. There is no evidence in the record showing any special hazard of the employment with reference to heat prostration. Under such circumstances, the rule announced in volume 27 Cal. Jur., section 79, is applicable, as follows:

"As a general rule injuries suffered from so-called 'acts of God,' such as sunstroke, freezing, lightning, wind, etc., are not compensable inasmuch as the casualties are risks taken by the entire community and ordinarily do not arise out of or happen in the course of the employment. But without doubt there may be conditions under which the employee performs his work which expose him peculiarly to the elements in a manner not common to the community in general. Thus disability by sunstroke is compensable when suffered by a workman employed in a superheated warehouse upon the roof of which the sun beats with great force so that he is, because of his employment, subjected especially to the danger of sunstroke. And when an employee, without acclimatization, is placed at work in a locality in which the heat is intolerable to one not acclimated, the special exposure is in excess of the risk of the commonalty, and death from sunstroke is compensable. Of course, in such cases the evidence should show the special exposure and that the injury and disability were caused thereby."

The rule is also announced in the recent case of *London Guarantee & Accident Co.* v. *Industrial Acc. Com.*, 202 Cal. 239 [54 A. L. R. 1392, 259 Pac. 1096]: "The responsibility of an employer for an injury sustained by his employee resulting from an earthquake or other like peril has frequently been the subject of judicial determination, and the rule applied by the courts almost universally, is as follows: 'As a general principle, the employer is not responsible for damages caused to his workmen by lightning, storms, sunstroke, freezing, earthquake, floods, etc. These are considered as "force majeure," which human vigilance and industry can neither foresee nor prevent. The victim must bear alone such burden, inasmuch as human industry has nothing to do with it and inasmuch as the employee is

no more subject thereto than any other person. Every human being is liable to suffer from events in which he has no share of responsibility.' "

The question whether the hazard was that incident to ordinary out-of-door work or whether it was one which was inseparably connected with and substantially increased by the employment was primarily a question of fact to be found by the Commission. The employee in this case has introduced no evidence justifying a finding other than the one made.

The judgment of the Industrial Accident Commission is affirmed.

Preston, J., Shenk, J., Seawell, J., Richards, J., Curtis, J., and Waste, C. J., concurred.

Hearing in Bank denied.

All the Justices concurred.