Hillsborough,<br>
Jan. 1, 1935.

JOSEPHINE ZWIERCAN, *Adm'x v.* INTERNATIONAL SHOE COMPANY.

*Chretien & Craig* (*Mr. Chretien* orally), for the plaintiff.

*Sullivan & Sullivan* (*Mr. Thomas E. Dolan* orally), for the defendant.

ALLEN, C. J. The evidence furnished support for a finding that

the decedent suffered an attack of heat prostration resulting fatally while at work in the defendant's employ. It was testified that he was well when he went to work in the forenoon, during the noon hour at home he looked weak, complained of his feet, and ate but little dinner; and on his return from work in the afternoon was red and very weak, going directly to bed without supper. The attending physician testified that his diagnosis of the case as one of sunstroke was correct. The day was unseasonably hot and humid.

The attack, occurring in the course of the decedent's employment, was an accident within the statute. *Guay* v. *Company*, 83 N. H. 392; *Lybolt* v. *Company*, 85 N. H. 262; *Eaton* v. *Proctor*, 85 N. H. 398.

The remaining question is whether it arose out of the employment. This is to be determined under the rule quoted and adopted in *Guay* v. *Company, supra*, 396, as follows: " ' . . . the essential connecting link of direct causal connection between the personal injury and the employment must be established before the act becomes operative. The personal injury must be the result of the employment and flow from it as the inducing proximate cause'."

It is generally held that if the work adds to the strain or exposure by reason of its character, it is an inducing cause of heat prostration. This is but an application of the proposition that there may be more than a single efficient cause of an event. But the usual test of proof governs and the evidence of an additional cause must be strong enough to support the conclusion as a reasonable inference. If the injury is not attributable to the work being done when it was sustained, it is not compensable.

The decedent's work was under a foreman in charge of repairs and maintenance. In the forenoon of the day he was stricken he was engaged inside the defendant's factory, greasing pumps, mending some leaking pipes on a steam table, and then elsewhere repairing a hot water tank. In the afternoon his labor was outdoors. In this he assisted in the construction of a staging by going after a ladder and passing up a few planks to workers on the staging. The staging was erected to do some work on a sprinkler system in which all the workmen on hand took a part. When the work was finished the decedent helped in taking down the staging. His last task of the day was to go with others for a flange of less than four pounds weight and used in repairing a leak of a large gasolene tank. All of his various assignments were described as easy and requiring no exertion in strain or haste. And none of them brought him in contact with heat in excess of that of the weather.

The plaintiff argues hard physical exertion, high relative humidity when the steam at the steam table was turned on, and poor ventilation in the room where the hot water tank was, as factors of causation chargeable to the defendant. The evidence is that the decedent's work was not hard, that no steam was on at the steam table until the work there was completed, when, after it was turned on, the men at once left and went elsewhere, and that the hot water tank was in one of the coolest places in the factory, with windows and doors so that poor ventilation could not be claimed.

Also it is argued that the work of the afternoon on the sprinkler system and especially that near the gasolene tank, from reflection of heat, intensified the effect of the weather. The evidence is silent as to the nature of the work the decedent performed on the sprinkler system. While he "took a hand," others "done the most work." And the only evidence about heat from the gasolene tank is that it was no hotter around it than anywhere else. The decedent was near it only for a few minutes and it does not appear that he did more than to stand by, after helping to bring the flange, while the work on the tank was being done by others.

In taking view of the evidence for its tendencies of proof, it is to be accepted as true. While the trier might reject it, his rejection would authorize no findings for which evidence is lacking. The rejection creates an emptiness of evidence and no assumption of facts in conflict with discredited evidence may be made. *Richardson* v. *Company*, 77 N. H. 187, 189; *Clairmont* v. *Cilley*, 85 N. H. 1, 7.

No evidence is found to show a material effect of the decedent's employment, either from the items of his work as a whole or from any one or some part of them, to produce his prostration. The weather alone caused it and the employment was at most an occasion incident to it. His activities were within normal range, for himself or as compared with those of others. It is conjectural to say that if he had worked, for example, in a garden, there would not have been the same result. If he had avoided all exercise, he might have escaped. But the exercise he took was not a risk to which he was subjected by the defendant. It arose from the operation of natural agencies upon his physical state, and not because of unusual exposure to harm chargeable to his employer. Otherwise there would be liability in all cases of accident from encountering extremes of natural temperature. It is not reasonable to regard heat prostration as due to employment when its events and conditions are of normal and ordinary circumstance. ". . . fluctuations of temperature and humidity are a nor-

mal condition to be encountered ... in the course of any periodic employment." *Miskowiak* v. *Company*, 156 Md. 690.

The decedent met with accident from a visitation of nature. The defendant was no more liable to compensate for it than if the accident were due to an assault committed by a third person. It did nothing and supplied no circumstances of aggravation. The inquiry whether it would be liable if it should have anticipated the accident does not arise. Occasion to anticipate may not here be found.

The distinction in denying compensation when the prostration or other injury is due solely to weather conditions and in allowing it when the employer intensifies the conditions or adds to the danger therefrom is recognized in many cases. *Dougherty's Case*, 238 Mass. 456; *Rowe* v. *Company*, (R. I.) 144 Atl. Rep. 109; *Dupre* v. *Company*, 98 Conn. 646; *Higham* v. *Preakness &c Club*, (N. J.) 161 Atl. Rep. 651; *Miskowiak* v. *Company*, 156 Md. 690; *Murray* v. *Company*, 197 App. Div. 903; *American &c. Co.* v. *Michalski*, 30 Oh. App. 80; *Scott &c. Board* v. *Carter*, 156 Va. 815; *City of Joliet* v. *Commission*, 291 Ill. 555; *Roach* v. *Company*, 200 Mich. 299; *Townsend &c. Co.* v. *Taggart*, 81 Ind. App. 610; *State* v. *District Court*, 138 Minn. 250; *Lewis* v. *Commission*, 178 Wis. 449; *Young* v. *Company*, 101 Neb. 696; *Kripplaben* v. *Company*, 227 Mo. App. 161; *Skelly Oil Co.* v. *Commission*, 91 Okla. 194; *New Amsterdam &c. Co.* v. *Hebert*, (Tex. Civ. App.) 296 S. W. Rep. 688; *Jones* v. *Company*, 45 Ga. App. 392.

*Bill dismissed.*

WOODBURY, J., did not sit: the others concurred.