MARGARET H. WAX, Appellant, v. DES MOINES ASPHALT PAVING CORPORATION et al., Appellees.

No. 43159.

NOVEMBER 19, 1935.

George Wrightman, for appellant.

Robert Colflesh, Merrill Oransky, John C. Wooden, and Ralph N. Lynch, for appellees.

ALBERT, J.—Arthur Wax died about 1:30 o'clock p. m. on June 28, 1934, from a sunstroke suffered the previous day while working for the Des Moines Asphalt Paving Corporation in a trench in the construction of an underpass of Euclid avenue, Des Moines, under the Chicago, Rock Island & Pacific and the Fort Dodge, Des Moines & Southern Railways.

This injury occurred on the 27th day of June, 1934. In the forenoon of that day Wax was working with the pile-driving crew, and about 3 o'clock in the afternoon he was transferred to work at the south end of the bridge deepening the trench for a wing wall. Euclid avenue runs east and west, and this bridge runs north and south. The ravine or cut which this bridge spans has rather steep sides and is approximately eighteen to twenty feet in depth. The excavation which the deceased was making was on the west side of the railroad bridge and was part way up the slope or side of the ravine or cut. This trench extended north and south, and the east wall thereof was as high as his head, and the west side was three or four feet lower

than the east side. The sun shone directly on the deceased where he was at work. The temperature on that day ranged from 102 degrees at 3 p. m. to 100 at 5 p. m., and stood at about 100 degrees at the time this injury occurred, which was about 4:30 in the afternoon. The evidence shows that there was slight, if any, breeze at the time in controversy. There were about twenty-one men employed on this job. These men were working on top of the bridge, on both sides, and underneath. There were quite a number of men digging, and the testimony shows that Wax's work was not more strenuous or difficult than that of the other men. The witnesses all seem to agree that it was neither hotter nor cooler in one place than another, and that the place where Wax worked was not particularly different than the places where the other men worked. Whatever breeze there was, Wax received the benefit of it where he was working. The type of work these men were doing was about the same. With reference to the depth of the ditch that Wax was digging, a witness says he could step out of it; that it was about two feet deep. The excavation he was making was in yellow clay.

On submission of this matter to Ralph Young, as deputy industrial commissioner, he found that the claimant was entitled to recover. On a review by the industrial commissioner, the Honorable A. B. Funk, additional evidence was introduced on both sides, and the finding of the deputy industrial commissioner was affirmed. On appeal to the district court of Polk county, the action of the industrial commissioner was reversed. Hence this appeal.

It was stipulated that the cause of the death of Wax was sunstroke. The question therefore is whether, under the facts and the stipulation, the action of the district court was correct.

It is well settled in the many cases that have been before the courts of the various states that, where the cause of death is "*force majeure* which human vigilance can neither foresee nor prevent" recovery cannot be had.

The general rule seems to be well stated in 28 R. C. L. p, 806, section 94:

"If the employment brings with it no greater exposure to injurious results from natural causes, and neither contributes to produce these nor to aggravate their effect, as from lightning, severe heat or cold, than those to which persons generally in

that locality, whether so employed or not, are equally exposed, there is no causal connection between the employment and the injury. But where 'the employment brings a greater exposure and injury results,' the injury does arise out of the employment.''

71 C. J. p. 760, section 475, states the rule as follows:

''Under provisions of the compensation acts requiring that an injury, to be compensable, arise out of and within the course of the employment, where the employment exposes a workman to a special risk from heatstroke or sunstroke death or disability from such heatstroke or sunstroke may constitute a compensable injury. On the other hand, where a workman is not by reason of his work peculiarly exposed to injury by heatstroke or sunstroke such injuries are not, ordinarily, compensable.''

To simplify, a death from sunstroke, exposure to the elements, including the heat of the summer and the cold of the winter, is not compensable if the hazard is the same as that to which the general public is exposed. In order to recover for death from sunstroke, the deceased must have been subjected to a greater hazard from the heat than that to which the public generally in that locality is subjected. This distinction is recognized in all the authorities, even including most of the authorities cited by the appellant. The industrial commissioner, in numerous of his cases, has recognized this distinction; and, among other of his decisions, in the matter of Behrens v. Town of Sibley, decided in October 1933, (1934 Workmen's Compensation Service, p. 48), he states:

''This rule requires that claims for heat exhaustion or freezing can be given award only in cases where the workman is exposed to conditions of temperature unusual or more intense than those experienced by workmen of the community in general.''

Among the many cases on this subject, the following announce this rule: Root v. Mayor, 139 A. 243, 5 N. J. Misc. 973; Miskowiak v. Bethlehem Steel Co., 156 Md. 690, 145 A. 199; Collins v. Industrial Accident Commission, 205 Cal. 727, 273 P. 34; Zwiercan v. International Shoe Co. (N. H.) 176 A. 286; McKeever Drilling Co. v. Egbert, 167 Okl. 149, 28 P.(2d) 579; Moran v. Edward Peterson Construction Co. (Mo. App.) 56 S.

W. (2d) 809; Howey v. Peppard Bros., 108 Pa. Super. 119, 164 A. 920; Lacey v. Washburn & Williams Co., 309 Pa. 574, 164 A. 724; Rowe v. River Spinning Co. (R. I.) 144 A. 109, also the many cases cited in both Ruling Case Law and Corpus Juris above referred to. As throwing light on this subject, see Reid v. Automatic Elec. Washer Co., 189 Iowa 964, 179 N. W. 323; Belcher v. Des Moines Elec. Light Co., 208 Iowa 262, 225 N. W. 404; Brown v. Rath Packing Co., 219 Iowa 9, 257 N. W. 411.

It is therefore our province to determine here whether or not the evidence in this case warranted the industrial commissioner in granting the award he did. It is to be remembered that the decision of the industrial commissioner is to stand if there is competent evidence to sustain it. This has been the recognized rule of this court since the enactment of this law. After a thorough reading of this record, we find that the claimant has not sustained her burden of showing that there was any extra hazard or untoward event which would entitle claimant to recover.—Affirmed.

KINTZINGER, C. J., and RICHARDS, DONEGAN, PARSONS, and HAMILTON, JJ., concur.