EVA KELLER, *Widow, etc. v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 9367)

Submitted September 8, 1942. Decided December 8, 1942.

LOVINS, JUDGE, and FOX, PRESIDENT, dissenting.

*McCauley & McCauley* and *Campbell, McClintic & James,* for appellant.

*H. G. Muntzing, Ralph J. Bean* and *Paul J. Hartman,* for appellees.

RILEY, JUDGE:

J. Natwick and Company, a subscriber to the Workmen's Compensation Fund, appeals from an order of the Appeal Board entered on April 11, 1942, affirming an order of the Commissioner of January 24, 1942, vacating his order of February 11, 1941, and awarding compensation to Eva Keller for the death of her husband, Chester G. Keller, upon the statutory basis of thirty dollars monthly.

Decedent, an employee since June, 1939, of J. Natwick and Company, a corporation, engaged in the dressing of lumber in Hardy County, was taken sick at four o'clock on the afternoon of July 30, 1940, while driving spikes in the repair of the center of three sets of steel railroad tracks leading into appellant's plant, which was situate in the vicinity of Moorefield. He died early the following morning. According to the testimony of the two physicians who attended him, his death was the result of a sunstroke.

The record discloses that decedent was only twenty-eight years of age; that on July 30, 1940, according to the Government weather observer who lived and recorded the temperatures eight miles east of Moorefield, the maximum temperature on that day was one hundred degrees in the shade; and that the work was being done about seventy-five feet from a large building, a part of appellant's plant. In addition to the heat produced by the direct rays of the sun, decedent was also exposed on that day to the reflected heat from the buildings belonging to the lumber

plant, the steel rails in the three sets of tracks, and the cinders thereunder. The record further contains substantial evidence to the effect that it was much hotter at the place where decedent was working than at other places in the vicinity.

We think that this case is controlled by *Rasmus* v. *Workmen's Compensation Appeal Board,* 117 W. Va. 55, 184 S. E. 250, and *Collett* v. *State Compensation Commissioner,* 116 W. Va. 213, 179 S. E. 657. In point 3 of the syllabus of the Collett case, this Court held:

> "Heat exhaustion attributable to a specific event is compensable under our Workmen's Compensation Act, if shown to have resulted from special or particular risks or dangers attendant to the employment, to which the general public is not exposed."

The instant record clearly discloses that decedent died as the result of a sunstroke suffered during the course of his employment; that at the time and place he was taken sick, he had been exposed during the course of the previous part of that day to the direct and reflected heat of the sun greater than the exposure endured by the general public in that vicinity, and that his exposure was such that it directly caused the illness which resulted in his death. In these circumstances, his death is compensable.

Upon examination we find that there are numerous authorities in other jurisdictions on the question whether death resulting from the elements is compensable. We shall not attempt to appraise these cases, because each case should be considered in the light of the compensation statute of the jurisdiction involved. However, for a general collation of authorities, see the following A. L. R. notes: *Central Illinois Public Service Co.* v. *Industrial Commission,* 291 Ill. 256, 126 N. E. 144, 13 A. L. R. 967, 979, 981; *Cornelius Daugherty, Deceased, Employee, Nellie Daugherty, Appt.* 238 Mass. 456, 131 N. E. 167, 16 A. L. R. 1036, 1039; *Lewis* v. *Industrial Commission of Wisconsin,* 178 Wis. 449, 190 N. W. 101, 25 A. L. R. 139, 147; *Hargrove* v. *Arnold Construction Co.,* 229 Mich. 678, 202 N. W. 918,

40 A. L. R. 398, 402, 403; *Gale* v. *Krug Park Amusement Co.*, 114 Neb. 432, 208 N. W..739, 46 A. L. R. 1213, 1218, 1219; *Consumers Co.* v. *Industrial Commission*, 324 Ill. 152, 154 N. E. 423, 53 A. L. R. 1079, 1085, 1086; *Scott County School Board* v. *Carter*, 156 Va. 815, 159 S. E. 115, 83 A. L. R. 229, 236, 239, inclusive.

For the foregoing reasons, the order of the Appeal Board is affirmed.

*Affirmed.*

Lovins, Judge, dissenting:

I am unable to concur in the majority opinion in this case. I agree that the case should 'be controlled by the *Collett* and *Rasmus* cases, cited in the opinion, but I do not agree that this case is within the rule announced in those cases.

The majority opinion is strangely silent as to the facts surrounding the death of the employee. He was working as a section-man on a railway, out in the open, and, of course, was subjected to the effect of the sun's rays 'and any heat reflections. His employment was no different from that of every railway section-man in the State, and especially those engaged in like work in the community where it is assumed the same degree of temperature prevailed. In the *Collett* case employee was working in a steel mill, and was required, among other things, to lift heavy packs of metal, in white heat condition, from the floor to the roller by use of short tongs. Outside the highest temperature reading was 81 degrees and under these conditions he suffered heat prostration which resulted in his death. In the *Rasmus* case the employee was engaged in operating a ten-ton crane in a junk yard in the City of Wheeling, which crane was operated by a gasoline engine housed in a steel shed with a steel roof; there was a steel seat within two and a half or three feet of the engine, on which the operator sat at times; a fan threw the engine heat from the front back toward the operator; and there was steel and other metal junk in the yard on each side of the crane, piled from two to ten or twelve

feet in depth. It was under these conditions that he suffered heat prostration. The Court in discussing the case said, "Certainly, it requires no over-credulity to be impressed with testimony to the effect that a man with metal beneath him, metal above his head, metal in part surrounding him and large quantities of metal piled upon the ground on two sides of him, from two to twelve feet thick, and working within three or four feet of an operating gasoline engine, capable of lifting ten tons, the whole in an open junk yard exposed to the sun, with the temperature of the general locality 89 degrees at eight o'clock in the morning and 100 degrees at noon, is in danger of heat prostration by reason of his position to a far greater degree than that to which the general public is exposed." The *Rasmus* and *Collett* cases are far different from this one, and, as hereinbefore indicated, I believe the rule announced in those cases is wholly inapplicable to the instant case.

Under the rule announced in the majority opinion every case of sunstroke or heat prostration will now have to be compensated, even though the general public is exposed to the same heat as the individual who, for one reason or another, happens to succumb to the effects of the sun's rays.

I am authorized to say that Judge Fox joins in this dissent.