FRANCIS H. LEE'S CASE.

Suffolk.     November 15, 1921. — March 2, 1922.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act*, Injuries to which act applies. *Agency*, Scope of employment. *Proximate Cause.*

Upon the hearing by the Industrial Accident Board of a claim under the workmen's compensation act by an employee for compensation by reason of injuries received when, as he was on his way to perform the duty of "ringing out" on

a time clock at the noon hour, he was knocked down by a fellow employee who was pushed into him by another employee, the board found that the fellow employee who was pushed into the claimant "always bothered the men a great deal by blocking the way to the clock so that the others could not" register; that the "object of the employees who pushed" the offending fellow employee "away from the time clock was to perform their duty of registering their time with which he was interfering;" that a "natural incident" of the situation in the line at the clock was the forcible pushing away of the offending employee and the injury to the claimant, and "that the injury to the claimant . . . followed as a natural incident of his duty to his employer to register his time." The board awarded compensation, and, upon certification to the Superior Court, a decree was entered accordingly, from which the insurer appealed. *Held*, that

(1) There was no causal connection between the employment of the claimant and his injury;

(2) The injury did not arise because the employee was exposed by the nature of his employment to some peculiar danger;

(3) The injury did not follow as a natural incident to the employee's work and did not arise out of his employment;

(4) Decisions holding that an injury to a claimant from acts of a fellow employee who was known by the employer to be a man of dangerous disposition, or who was known to be given to play or fooling, had no application.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision of the Industrial Accident Board awarding compensation to the claimant after finding and ruling that "the personal injury received by" him while in the employ of Washburn and Heywood Chair Company on November 10, 1920, "as a result of being thrown to the cement walk by colliding with a fellow employee, while he, Lee, was on his way to perform the duty under his contract of hire of 'ringing out,' or registering his time, arose out of and in the course of his employment."

Further findings and rulings of the board were "that at or about the exact time that Lee was about to enter the door to register upon the time clock, there was a line of employees of the subscriber near the clock ready to perform their duty of registering their time; that a certain employee, Wallet by name, always bothered the men a great deal by blocking the way to the clock so that the others could not punch it; that this employee, Wallet, was pushed out of the way by fellow employees with such force as to send him hurrying through the open door and caused him to knock down Lee, the claimant, causing" the injuries for which compensation was sought; "that the object of the employees

who pushed Wallet away from the time clock was to perform their duty of registering their time with which he was interfering; and that the injury to the claimant, Lee, followed as a natural incident of his duty to his employer to register his time before leaving for his noon luncheon period. . . .

"The circumstances under which the injury in this case occurred meet the test laid down by the court in ruling cases of this and other jurisdictions, including *McNicol's Case*, 215 Mass. 497, in which the court laid down the general rule that an injury arises out of the employment 'when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury.' The conditions under which the work of registering time was required to be performed called for all employees to 'ring out' at twelve o'clock noon. This meant that a line of employees must form, each anxious to register with the least possible delay. Naturally, such a crowd of employees would not look with any appreciable amount of tolerance upon any employee who endeavored to block the line, as Wallet did, and a 'natural incident' of such a situation about the time clock was the forcible pushing of Wallet away from his blockading position and the injury of a fellow employee. It was just such an incident as might well have been contemplated 'by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the emoplyment,' particularly in view of the fact that Wallet had always given the men desirous of registering their time a great deal of annoyance by blocking the way to the clock."

In the Superior Court, by order of *Sisk*, J., a decree was entered awarding compensation as determined by the Industrial Accident Board. The insurer appealed.

*G. Gleason*, for the insurer, submitted a brief.

No counsel appeared for the claimant.

CROSBY, J. While the employee was on the premises of his employer, and after leaving the building in which he worked and about to enter the one where the time clock was in order to ring out his time at noon, he was knocked down by a fellow workman who was pushed out of the doorway of that building by another employee, and received injuries for which he seeks compensation.

The claimant's injuries were the result of fooling or horseplay of fellow employees, in which he took no part. The board member found that he "was the innocent victim of a friendly scrap between three other employees, one of whom was thrown out of the doorway, his body striking the claimant and throwing him to the ground, causing the injury to his shoulder and back."

As he was on his way to the time clock during the noon hour to ring out his time, it is obvious that his injuries were received in the course of his employment. The question remains whether the injuries arose out of his employment. It has been held by this court that, where an employee is injured as a result of fooling or play by employees in which he participates, such injury does not originate in any risk connected with, and caused by, his employment; and that such injury does not arise out of the employment within the meaning of the workmen's compensation act. *Moore's Case*, 225 Mass. 258. The precise question presented by this record is, whether an injury received by an employee in the course of his employment, as the result of fooling or play by other employees in which he takes no part, can be said to have arisen out of the employment. While this issue has been decided in other jurisdictions, it has not been directly adjudicated by this court.

It is clear that there was no causal connection between the employment and the injury. The injury did not arise because the employee was exposed by the nature of his employment to some peculiar danger, it did not follow as a natural incident of his work, and it does not appear "to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence." *McNicol's Case*, 215 Mass. 497, 499. The interpretation of the workmen's compensation act enunciated in the case last cited when applied to the facts in the present case makes it plain that the injury to the claimant cannot be said to have arisen out of his employment. The pushing of Wallet out of the doorway by other employees and against the claimant, assuming it was a wrongful act, was not within the scope of his employment. Such acts, whether done in a spirit of play or from a malicious motive, have no relation whatever to the employment; and they are wholly outside the scope of the employment of those who caused the injury.

The weight of authority in England and in this country is in harmony with the result we have reached. *Armitage* v. *Lancashire & Yorkshire Railway*, [1902] 2 K. B. 178. *Fitzgerald* v. *Clarke & Son*, 1 B. W. C. C. 197. *Craske* v. *Wigan*, 2 B. W. C. C. 35. *Wilson* v. *Laing*, 2 B. W. C. C. 118. *Blake* v. *Head*, 5 B. W. C. C. 303. *Hulley* v. *Moosbrugger*, 88 N. J. L. 161. *Federal Rubber Manuf. Co.* v. *Havolic*, 162 Wis. 341. *Chicago* v. *Industrial Commission*, 292 Ill. 406. *Tarpper* v. *Weston-Mott Co.* 200 Mich. 275. *Coronado Beach Co.* v. *Pillsbury*, 172 Cal. 682. *Pierce* v. *Boyer-Van Kuran Lumber & Coal Co.* 99 Neb. 321. See *Rayner* v. *Sligh Furniture Co.* 180 Mich. 168.

The cases of *Craske* v. *Wigan, supra, Plumb* v. *Cobden Flour Mills Co. Ltd.* 7 B. W. C. C. 1, *Simpson or Thom* v. *Sinclair*, 10 B. W. C. C. 220, cited in the majority decision of the Industrial Accident Board, are not at variance with the conclusion which we have reached. *Willis* v. *State Industrial Commission*, 78 Okla. 216, and other cases cited in the decision, so far as they are contrary to the result arrived at in the case at bar, we cannot follow.

Cases which hold that an injury resulting from acts of a fellow employee who was known by the employer as a man of dangerous disposition, or who was known to be given to play or fooling, have no application to the present case. *McNicol's Case, supra.* See also *Reithel's Case*, 222 Mass. 163; *Cranney's Case*, 232 Mass. 149; *Marshall* v. *Baker-Vawter Co.* 206 Mich. 466; *William Baird & Co. Ltd.* v. *M'Graw*, 13 B. W. C. C. 233.

As the evidence did not warrant a finding that the claimant's injuries arose out of his employment, the decree must be reversed and a decree entered in favor of the insurer.

*So ordered.*