# Primos *v.* Gulfport Laundry & Cleaning Co.

(Division A.  May 26, 1930.)

[128 So. 507.  No. 28731.]

**W. J. Gex**, of Bay St. Louis, for appellant.

**John Allen Sykes** and **W. J. Gex**, for appellant.

772

Carl Marshall, of Gulfport, for appellee.

Argued orally by **W. J. Gex**, for appellant.

**Smith, C. J.**, delivered the opinion of the court.

The appellant sued the appellee for a personal injury alleged to have been negligently inflicted on him by an employee of the appellee, and, from a judgment denying him a recovery, has brought the case to this court. A

request by both parties for a directed verdict was refused.

In the city of Gulfport Eleventh and Thirty-sixth streets cross each other at right angles. On the occasion in question the appellant was driving an automobile along Eleventh street, and a truck owned by the appellee was being driven by one of its employees along Thirty-sixth street. They reached the intersection of the street at about the same time, and the appellant's automobile collided with, or was struck by, the truck. It will not be necessary to set out the evidence relative to this collision, for it is clear from the evidence that the negligence of the driver of the truck who was drunk at the time, contributed to the collision of the two automobiles.

The appellee is a corporation engaged in the laundry and dry-cleaning business, and employed File, the driver of this truck, to solicit articles to be dry-cleaned, deliver them to the laundry, and when dry-cleaned, to return them to the customer. For this purpose he was furnished by the appellee with the truck, which, when not in use, he, File, was to keep at his residence. In other words, the truck was to be continuously in File's possession. File was paid for his services a stipulated weekly salary, and in addition thereto a commission on all business secured for the appellee by him.

According to the appellee, File was authorized to solicit business only during the working hours of the laundry, which ended at four-thirty or five in the afternoon— which is immaterial. Deliveries were to be made by him during the afternoon, and, when finished, his instructions were to cease work for the day.

According to File, who testified on behalf of the appellant, no limitation was placed on his hours of work, and he was authorized to solicit business at any time during the day or night; in which he was corroborated by another of the appellee's solicitors and truck drivers.

Late in the afternoon of the day of the collision File finished making his deliveries, and drove the truck to

his residence. Some time early in the night he decided to, and did, go with his wife, in the truck, to a dance, for the purpose, according to his evidence, of there soliciting business for the appellee; and the collision occurred while he was returning from the dance to his residence, between ten and eleven o'clock at night.

In support of his claim to a directed verdict, the appellant says (1) that File was acting within the scope of his employment in driving the automobile when the collision occurred, but, if not (2) the appellee is nevertheless responsible for File's negligence in driving the truck, for the reason that it was a dangerous instrumentality with which he had been intrusted by the appellee.

The second of these contentions is based on Barmore v. R. Co., 85 Miss. 426, 38 So. 210, 70 L. R. A. 627, 3 Ann. Cas. 594. In that case a servant of the railroad company inflicted an injury on another while driving a railroad tricycle, with the custody of which he had been intrusted by the company, at a time when, according to the company's contention, he was acting beyond the scope of his employment. The court held that if a railroad tricycle was a dangerous instrumentality, either per se, or when negligently operated, which fact was for the jury to determine, the company could not escape liability on the ground that when the injury was inflicted the servant was acting without the scope of his employment.

We do not here intend to question the soundness of that decision, in which connection see Am. L. Inst. Restatement of Law of Agency (Tent. Draft No. 5) section 463; but it has no application here, for in Vicksburg Gas Co. v. Ferguson, 140 Miss. 543, 106 So. 258, it was held that an automobile is not a dangerous instrumentality within the rule announced in the Barmore case. See, also, 2 Blash. Ency. Automobile, L., 1390.

If the appellee's version of the authority vested in File is correct, which fact was for the determination of the jury, he was acting without the scope of his employment when the collision occurred. For the "conduct of a

servant is within the scope of employment only during a period which is not unreasonably disconnected from the authorized period." Am. L. Inst. Restatement Law of Agency (Tent. Draft No. 5) section 458. It is true that the act of a servant at a forbidden time is not necessarily and always beyond the scope of his employment.

"There is a fringe of time within which the employment may continue. The extent of this is a matter of degree, depending upon all the factors—the place, purpose, kind of act, whose instrumentality is used, and the extent of departure from the normal time for performance. Thus if a truckman were required by his employment never to make deliveries after five o'clock, one made a few minutes later might well be within the scope of employment, while one made at ten o'clock might not be."

The evidence discloses no fact which authorized File to use the truck in the appellee's service after he had finished making his deliveries for the day, and had driven the truck to his residence.

Under File's version of the authority vested in him, the determination of which was for the jury, the question is, What was File's purpose in attending the dance? His testimony in this connection is, in substance, as follows:

"A. My main reason for going to this dance was to extend my acquaintance and meet new people in order that I might get new business, which I was working on a commission basis at the laundry, and in order to get new business you had to go to different places and meet different people.

"Q. What did you do at that dance other than dancing and drinking, if you drank, in reference to the business of the Gulfport Laundry Company? A. I solicited business.

"Q. Is that what you were there for primarily? A. Yes sir.

"Q. What did you go there for primarily? A. To solicit business.

"Q. Did you solicit it? A. Yes sir.

"Q. Do you know how many people you solicited business from? A. I can't say. I know that I solicited a few people—three or four maybe.

"Q. After the dance and after you solicited this business you started back home where you kept the truck? A. Yes sir."

It seems from another portion of his testimony that he solicited business from only two persons while at the dance, one of whom testified that File solicited business for the appellee from him. He and his wife seem to have had a controversy while at the dance, and as they were leaving he appeared to be angry, and according to a witness for the appellee, said to her, "Let's get to Hell out of here! We had no business coming anyhow." This File denied. He was discharged by the appellee after the collision, and, according to a witness for the appellee, said shortly thereafter that they (meaning the appellant) "were going to sue the laundry and . . . I don't care if it costs them a million dollars." This, also, was denied by him.

If File attended the dance merely for the pleasure of himself and his wife, he was not authorized to use the appellee's truck in going to and returning therefrom. But if he attended the dance solely for the purpose of soliciting business for the appellee, then under his version of his authority he was within the scope of his employment, and was authorized to use the truck in going to and returning from the dance. If he attended the dance in part for his own and his wife's pleasure, and also in part to solicit business for the appellee, he was acting within the scope of his employment, for the rule is that "an act may be within the scope of employment although done in part to serve the purposes of the agent." Am. L. Inst. Restatement Law of Agency (Tent. Draft No. 5), section 461.

On the evidence, what the appellant's purpose was in attending the dance, whether for his own and his wife's

pleasure, for soliciting business for the appellee, or both, was for the jury.

The court below committed no error in refusing to direct the jury to return a verdict for either party. If the appellant was guilty of negligence which contributed to his injury, as to which we express no opinion, that fact would simply reduce the amount of his recovery.

In several of the instructions granted to the appellee the court submitted to the jury the question of the negligence, vel non, of File, the driver of the truck, at the time of the collision. In view of what is hereinbefore said relative thereto, this question should not have been submitted to the jury, the sole question for the jury, in determining the appellee's liability, being whether or not File was acting within the scope of his employment in driving the truck at the time of the collision.

One of the instructions requested by the appellee charged the jury to find for the appellee unless they believed from the evidence that File "attended the dance for the main and principal object and purpose of soliciting business for the defendant;" another, to find for the appellee unless they believed from the evidence that File "attended the said dance in the said truck for the purpose of soliciting business for the defendant, and not for pleasure and entertainment of himself and his wife;" another to find for the appellee if "the main or principal object of A. File, the driver of the truck owned by the defendant at the time of the accident, in attending said dance with the truck was his own social pleasure and enjoyment . . . even though the jury may also believe from the evidence that, as a secondary object or purpose in attending said dance, the said A. File intended to solicit business for the defendant."

These instructions should not have been given. "The fact that the predominant motive of the servant is to benefit himself or a third person, does not prevent the act from being in the scope of employment. If the purpose of serving the master's business actuates the servant

to any appreciable extent, the master is liable if the act otherwise is within the service. . . . So, also, the act may be found to be in the service where not only the manner of acting but the act itself is done largely for the servant's purposes." Am. L. Inst. Restatement Law of Agency (Tent. Draft No. 5), section 461, comment (b)

Reversed and remanded.