In the Matter of the Claim of Josephine Donehue, Respondent, against William B. Hebbard and Another, Appellants. State Industrial Board, Respondent.— Claimant, a beanpicker, was injured while pulling a blanket off of her automobile, on the premises of her employer, preparatory to going home at the end of her day's work. The question is whether the accident arose out of and in the course of the employment. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.

Anis Lindsey, Respondent, v. Frank Campola, Appellant, and Another. Jessie Hepburn, Respondent, v. Frank Campola, Appellant, and Another.— Appeal from an order of Montgomery Trial and Special Term of the Supreme Court denying appellant's motion for a change of place of trial from Schenectady county to Oneida county on the grounds that the convenience of material witnesses and the ends of justice will be promoted thereby. The defendant Lovely has not joined in the motion. The actions are in negligence, resulting from a collision between two automobiles. Plaintiffs were riding in the vehicle belonging to the defendant Lovely, which was involved in a collision with the vehicle of the appellant. Under existing conditions of means of travel no party or witness would be seriously inconvenienced if the trial were held in either county. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of Henry B. Sewell, an Attorney.— The respondent, Henry B. Sewell, is suspended from the date of the entry and service of a certified copy of the order to that effect to be entered herein, and said respondent, Henry B. Sewell, is hereby commanded hereafter to desist and refrain from the practice of law in any form either as principal or agent, clerk or employee of another, and is hereby forbidden to perform any of the following acts for compensation or reward, to wit: 1. To practice as an attorney or counselor at law before any court, judge, justice, board, commission or other public authority. 2. To give to another an opinion as to the law or its application or any advice in relation thereto. The court approves of the findings of the referee herein and finds that the respondent, Henry B. Sewell, is guilty of professional misconduct and conduct prejudicial to the administration of justice. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.