WHITTEMORE BROS. CORPORATION *et al. v.* DE GRANDPRE.

(Division B.   June 2, 1947.)

[*30 So. (2d) 896.   No. 36485.*]

**Dent & Ward** and **Burkett H. Martin,** all of Vicksburg, for appellants.

Brunini, Brunini & Everett, of Vicksburg, for appellee.

Argued orally by **Burkett H. Martin,** for appellants, and by **Edward L. Brunini** and **Bill Rutledge,** for appellee.

**Alexander, J.,** delivered the opinion of the court.

Appellee was injured in an automobile collision while serving as a traveling salesman for Whittemore Brothers Corporation. He brought suit by attachment in chancery against the corporation, and its insurer, American Mutual Liability Insurance Company, for benefits under the Workmen's Compensation Act of Massachusetts. From a decree in complainant's favor against the insurance company, this appeal is taken. Whittemore is only a nominal party appellant.

The applicable section of the Massachusetts Act, herein agreed as controlling, is Section 26 of the General Laws, Ter. Ed., Chapter 152. It is as follows: "If an employee who has not given notice of his claim of common law rights of action, under section twenty-four, or who has given such notice and has waived the same, receives a personal injury arising out of and in the course of his employment, or arising out of an ordinary risk of the street while actually engaged, with his employer's authorization, in the business affairs or undertakings of his employer, and whether within or without the commonwealth, he shall be paid compensation by the insurer, as hereinafter provided, if his employer is an insured person at the time of the injury; provided, that as to an injury occurring without the commonwealth he has not given notice of his claim of rights of action under the laws of the jurisdiction wherein such injury occurs or has given such notice and has waived it. For the purposes of this section, any person while operating or using a motor or other vehicle, whether or not belonging to his employer, with his employer's general authorization or approval, in the performance of work in connection with the business affairs or undertakings of his employer, and whether within or without the commonwealth, and any person who, while engaged in the usual course of his trade, business, profession or occupation, is ordered by an insured person, or by a person exercising superinten-

dence on behalf of such insured person, to perform work which is not in the usual course of such trade, business, profession or occupation, and, while so performing such work, receives a personal injury, shall be conclusively presumed to be an employee. . . . "

The amount of recovery is not attacked. The issue of liability turns upon an application of the statutory definition of the status of an "employee" and of the conditions under which it is to be adjudged.

Complainant was employed as a traveling saleman for Whittemore, assigned to the State of Arkansas, but with headquarters at Vicksburg in this State. He made out his own routes, and sent, from time to time, reports to the employer at Cambridge. He employed his own automobile, paid his own expenses, and received a monthly salary. His mailing address was at his home in Vicksburg, to which his employer sent by mail instructions, advices and other communications, including pay checks.

On December 11, 1936, he completed his canvassing at McGehee, Arkansas, and set out for his headquarters at Vicksburg. A few miles east of Tallulah, in the State of Louisiana, and upon the direct route to Vicksburg, he was injured in a traffic accident. It was his purpose to resume work in his territory the following Monday, after he had checked his correspondence and forwarded to his employer his proposed routes for the week. He also furnished addresses along the contemplated routes, to which pay checks could be forwarded.

At the outset, we examine whether his injury was one "arising out of an ordinary risk of the street while actually engaged, with his employer's authorization, in the business affairs or undertakings of his employer." In testing the factual situation here presented, we may consult the statutory definition of "employee" as contained in the quoted section, since the tests for determining employee-status and insurer-liability are substantially the same. Harvey's Case, 295 Mass. 300, 3 N. E. (2d) 756.

Appellee had no fixed hours of work, nor a prescribed routine. The employer authorized and conformed to the arrangement pursuant to which the employee reported to Vicksburg for his mail and for other contacts with the employer. At the time of his injury, he was an employee and following a course prescribed and acquiesced in as a condition of his employment. The injury arose out of an ordinary risk of the street. Was he then actually engaged with his employer's authorization in the business affairs or undertakings of his employer?

Prior to the amendment to the Massachusetts Act, St. 1927, Ch. 309, Sec. 3, injuries arising out of an ordinary risk of the street were not ordinarily compensable. Bell's Case, 238 Mass. 46, 130 N. E. 67. Yet, in Cook's Case, 243 Mass. 572, 137 N. E. 733, 29 A. L. R. 114, it was stated that no formula or general statement can afford a solution without reference to the circumstances of each case. Conditions existing at the time are to be examined. Dougherty's Case, 238 Mass. 456, 131 N. E. 167, 16 A. L. R. 1036. In McManaman's Case, 224 Mass. 554, 113 N. E. 287, it was held that when it appears, in view of all the circumstances, that there is a causal connection between the conditions under which the work is required to be performed and the resulting injury, compensation is to be allowed.

We must therefore piece out a pattern from outstanding Massachusetts cases. In the following cases recovery was allowed: Where a saleman was engaged in teaching his son to drive his car in order to make his services available in the employer's service. Pelletier's Case, 269 Mass. 490, 169 N. E. 434. The opinion cites Mannix' Case, 264 Mass. 584, 163 N. E. 171, where an employee was injured while en route to his place of business to relieve the cashier; where the employee, as part of his employment routine, was en route to lunch. Sundine's Case, 218 Mass. 1, 105 N. E. 433, L. R. A. 1916A, 318, and Comerford's Case, 224 Mass. 571, 113 N. E. 460; where an employee was killed by a train while en route home from

work, it being found that "it was necessary for him to use (the route) to go to and from his place of employment." Fumiciello's Case, 219 Mass. 488, 107 N. E. 349.

Cases are numerous where the injury arose out of an incident disconnected from the employment and devoid of causal connection. See Bell's Case, 238 Mass. 46, 130 N. E. 67; O'Toole's Case, 229 Mass. 165, 118 N. E. 303; Nagle's Case, 303 Mass. 384, 22 N. E. (2d) 475. Yet, where there is resultant benefit to the employer, arising out of a practice or custom followed by the employee, whereby, by serving the convenience of the latter, there is increased efficiency or expedition, causation has been readily found. Donovan's Case, 217 Mass. 76, 104 N. E. 431, Ann. Cas. 1915C, 778; Milliman's Case, 295 Mass. 451, 454, 4 N. E. (2d) 331; Stacy's Case, 225 Mass. 174, 114 N. E. 206. In Cook's Case, 243 Mass. 572, 137 N. E. 733, 734, 29 A. L. R. 114, the employee was injured while going to the home office by street car, as he did each week, to make a report and turn over collections. The court said "When the public street is the employee's place of work it becomes virtually his workshop, and he may be exposed to the dangers incident to the use of the streets in the same manner that a factory workman is subjected to the perils of the factory." See also Higgins' Case, 284 Mass. 345, 187 N. E. 592. Compare Levin v. Twin Tanners, 318 Mass. 13, 60 N. E. (2d) 6, where the servant's work did not require use of the streets.

The compensable period is not restricted to working hours or the usual place of work, provided the injury occurred while the employee was contributing to the efficiency or success of the employer's work. Holmes' Case, 267 Mass. 307, 166 N. E. 827; Cox's Case, 225 Mass. 220, 114 N. E. 281; Lee's Case, 240 Mass. 473, 134 N. E. 268, 20 A. L. R. 870; Doyle's Case, 256 Mass. 290, 152 N. E. 340. In Von Ette's Case, 223 Mass. 56, 111 N. E. 696, L. R. A. 1916D, 641, the servant was injured after he had left his place of work to seek fresh air and better ventilation and while standing upon an outside fire escape. The

factors of personal convenience and reinvigoration were controlling, along with the existence of a custom to so seek refreshment. The principle was recognized by us in Delta Cotton Oil Co. v. Elliott, 179 Miss. 200, 172 So. 737.

If the injury occurs while the employee is engaged upon some mission of his own, it may be nevertheless compensable if a service is at the same time being rendered for the employer. Batt's Case, 295 Mass. 335, 3 N. E. (2d) 738; Doyle's Case, 256 Mass. 290, 152 N. E. 340; De Stafano v. Alpha Lunch Co., 300 Mass. 38, 30 N. E. (2d) 827. In Ferreira's Case, 294 Mass. 405, 2 N. E. (2d) 454, the employee was assisting a fellow worker, at the latter's request, in removing some waste. Compare Primos v. Gulfport Laundry & Cleaning Co., 157 Miss. 770, 128 So. 507; A. L. I., Rest. Agency, Sec. 236.

Appellant relies heavily upon Chernick's Case, 286 Mass. 168, 169, 189 N. E. 800. Here, the employee was injured while en route to the employer's office to get instructions and route slips for the day. Even though this case is distinguishable from the case at bar, we need not conceal our dissent from its conclusions. Compare the later and better reasoning of Cahill's Case, 295 Mass. 538, 4 N. E. (2d) 332; Caver v. Eggerton, 157 Miss. 88, 127 So. 727; Whalen v. Buchman, 200 Minn. 171, 273 N. W. 678. It seems that Chernick was not actually at work or then so engaged, but was going to the office to get his assignments. The appellee here was continually engaged while upon the road, and following his own routes. Moreover, the court in the Chernick case cited in support of its conclusion Fumiciello Case, supra, Rourke's Case, 237 Mass. 360, 129 N. E. 603, 13 A. L. R. 546; McNicol's Case, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306; and Bell's case, supra. In the first cited case, recovery was allowed as hereinabove stated; in the second, the employee had changed to street clothes and left the premises where he was employed, and was injured upon the street by striking workmen; in the third case, the injury occurred

when claimant was assaulted by a drunken fellow workman whose habits were known to the employer. The court stated in allowing recovery that an injury "arises 'out of' the employment, when there is apparent to a rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." In the last cited case, the employee was likewise injured after he had left the premises to which his work was confined. It is further significant that the court took pains to distinguish the case from Higgin's Case, supra, which we shall now examine.

In Higgin's Case, the claimant, as here, used his own car at his own expense, traveling the highways doing jobs of installation for the employer. He was injured in a traffic accident after finishing a particular job, and while en route back to the office. In upholding an award under the Massachusetts Workmen's Compensation Act, the court construed Section 26 as amended, and in reaching a result opposite to earlier cases prior to the amendment stated, "Plainly the claimant would not have been entitled to compensation under the law as it existed prior to the amendment of 1927" [284 Mass. 345, 187 N. E. 593]. In discussing the "risk of the street" as a factor in liability, the court added "since the amendment of 1927 clearly had the general purpose of getting rid of the rule allowing no compensation for injury resulting from risks of travel in the street, illustrated by Colarullo's Case, 258 Mass. 521, 155 N. E. 425, 51 A. L. R. 508, a legislative intent to preserve any remnant of that rule appears unlikely." The court further emphasized that "ordinary risks" were to be contrasted with "street risks peculiar to the employment" inasmuch as the latter had always been compensable.

An extension of the foregoing interpretation is found in Cahill's Case, supra, where a claim adjuster wrenched his knee descending from his car at his home, to which

he had returned to continue further work for his employer.

Both parties cite Harvey's Case, supra, but we think it serves the cause of appellee. Harvey was a traveling saleman in the State of Maine, and in performance of his duties he drove his own car. He was directed upon completion of his work at Warren to proceed to Augusta to spend the night. He was fatally injured in a traffic accident after leaving Warren about midnight, and after he had passed an intersection which ordinarily would have been used in traveling to Augusta. It was his duty to make business calls upon customers in Augusta and its vicinity. The court held that it was not mandatory that he spend the night at Augusta at all events and regardless of the lateness of the hour. The court said [295 Mass. 300, 3 N. E. (2d) 758]: "In view of the discretion which the employee had, the place where the accident occurred does not compel the conclusion that he had ceased to be engaged in the business of his employer and had entered on pursuits of his own. . . . In view of all the circumstances appearing we think the findings were warranted that at the time of the accident he was, within the meaning of the language of the statute, engaged, 'with his employer's general authorization or approval, in the performance of work in connection with the business affairs or undertakings of his employer,' and that he did not voluntarily incur a risk not incidental to his employment."

Most of the authorities cited by appellant construe the statute pior to the 1927 amendment. It is of interest to notice that in 1937 the legislature amended the Act so as to make compensable injuries resulting from frost bite or sun stroke. This was apparently to meet the decisions in Dougherty's Case, 238 Mass. 456, 131 N. E. 167, 16 A. L. R. 1036, and Warner v. Couchman, 1912 A. C. 35 (Cited in McNicol's Case, supra.) The liberalizing of coverage thus manifested by the legislature in including risks ordinarily common to all persons, finds echo in the judicial

policy to construe the Act liberally in applying it to injuries received while acting as an employee. Donovan's Case, supra. We are of the opinion that the findings of the chancellor were adequately supported.

Appellant assigns as error the rejection by the trial judge of the contention that appellee, by bringing suit against Schlottman, the party with whom he collided, made an election of remedies and is estopped to proceed herein. The facts are as follows: Schlottman sued De Grandpre in Louisiana and obtained judgment for $100. De Grandpre sued Schlottman in Mississippi, the cause suffering a mistrial. Thereafter, in consideration of the cancellation of the Schlottman judgment and payment of the further sum of $1,500, De Grandpre executed a complete release to Schlottman.

Section 15 of the Massachusetts Act provides: "Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee may at his option proceed either at law against that person to recover damages or against the insurer for compensation under this chapter, but not against both." The Act likewise provides for subrogation in favor of the insurer upon payment of compensation and states further: "An employee shall not be held to have exercised his option under this section to proceed at law if, at any time prior to trial of an action at law brought by him against such other person, he shall, after notice to the insurer, discontinue such action, provided that upon payment of compensation following such discontinuance the insurer shall not have lost its right to enforce the liability of such other person as hereinbefore provided."

The record sustains a finding that the suit against Schlottman was brought with full knowledge of the insurer. The attorney for De Grandpre tendered subrogation rights to it. It is sufficiently supported that attorneys for De Grandpre and the agent of the insurer had

agreed that if recovery against Schlottman was less than the amounts to which De Grandpre would be entitled under the policy, the difference would be paid by it, but that if recovery were greater it could be retained by De Grandpre. During the early negotiations between De Grandpre and the insurer, the latter shifted its position from one of an assumed liability through a period of doubt and finally to a complete denial of responsibility. It is clear that there was a sufficient basis for a finding that the insurer had, in view of possible benefit to it, consented to the legal proceedings. It is therefore in turn estopped to set up a defense of estoppel. 18 Am. Jur., Election of Remedies, Sec. 52; 28 C. J. S., Election of Remedies, Sec. 29, p. 1103. By the Schlottman settlement, it has been benefited to the extent of $507.25, which is the difference between the amount of appellee's doctors' and hospital bills and $1,500, the amount of the settlement. Such difference was credited upon the insurer's liability under the act, and decree awarded for the remainder due thereunder between the date of the injury to the date of the suit. The benefits of subrogation were therefore realized by the insurer. In this, we find the chancellor to be correct.

We have not undertaken to contrue Section 4 of the Universal Endorsement of the insurer's policy, upon which appellee relied to establish liability as for accident insurance in the event coverage under the Compensation Act should be denied.

Affirmed.