MILLS, et al. *v.* JONES.

Division B.   Jan. 7, 1952.

No. 38100 (56 So. (2d) 488)

Snow & Covington, for appellants.

Hardy Lott, for appellees.

Arrington, C.

This is an appeal from the Circuit Court of Webster County affirming an award of the Mississippi Workmen's Compensation Commission to the appellee, the widow and minor children of Victor L. Jones, deceased.

Victor L. Jones died as a result of injuries received in an automobile accident on March 31, 1950. At the time of the accident, he was accompanied by one Albert Barrett, who received serious injuries and who is appellee in 56 So. (2d) 485. By agreement of the attorneys for the respective parties in these two causes, the testimony taken at the hearing before the attorney-referee would apply to both cases, since they arise out of the same accident.

Briefly, the facts as disclosed by the record are: The appellant, M. L. Mills, Sr., entered into a contract with the Standard Oil Company to do special construction work repairing and painting certain stations owned by the company in Mississippi. The contract with reference to the Eupora job was introduced in evidence and is a part of the record. Article 5 of this contract required the contractor to carry workmen's compensation insurance. The appellant Mills, in compliance therewith, procured a standard workmen's compensation and employer's liability policy from the appellant insurance carrier, Zurich General Accident and Liability Insurance Company, Ltd., which was in effect at the time of the accident here involved. The appellant Mills entered into a written agreement with one Victor L. Jones, who was a painter by trade, to paint the stations and installations of the Standard Oil Company at Eupora and Houston, Mississippi, for a stipulated sum for each job. Jones lived at Greenwood, and used his car and trailer to go to and from his work. He furnished his own painting equipment, ladders, brushes, etc., which he transported in his trailer. Jones employed his own help and on the Houston and Eupora jobs he hired one Albert Barrett, also a resident of Greenwood, to assist

him in the painting. Barrett was paid on an hourly basis by Jones. The Eupora job had been completed except painting two doors which had not been installed, and some touching-up work. They had finished painting the station at Houston on March 31, 1950. Mills had seven doors made at Louisville, Mississippi. His truck delivered all seven of the doors to Houston. Two of the doors were for the station at Eupora. Jones, by the direction or instruction or with the approval of Mills, and assisted by Barrett, loaded the two doors for the Eupora Station on his trailer with the ladders and other equipment, including paint furnished by the Standard Oil Company, and started to Eupora, as they intended to prime the doors that afternoon at Eupora before going home to Greenwood. Within a few miles of Eupora, the accident occurred; Jones received injuries which resulted in his death a few days later, and Barrett receiving serious injuries, from which he still suffers.

Claim for compensation was filed by the widow of deceased under the Mississippi Workmen's Compensation Law, Chapter 354, Laws 1948, on the ground that deceased's death was a result of injuries received in an accident arising out of and in the course of his employment. A hearing was held by the attorney-referee for the commission, who found that the deceased was not an employee at the time of the accident and denied the claim for compensation. The appellee petitioned for a review by the full commission. Upon review, the commission reversed the finding of the attorney-referee denying compensation and awarded compensation to appellee. The appellants, Mills and the insurance carrier, appealed from the decision of the commission to the Circuit Court of Webster County, where the decision of the commission was affirmed.

The appellants' argument is that the deceased was an independent contractor and not an employee of Mills. In view of the conclusion which we have reached, it will not be necessary to decide whether or not Jones was an in-

dependent contractor or an employee, for the reason that he was not injured while painting. Hauling doors was no part of his work under his written agreement. As stated above, he was transporting two doors for Mills from the Houston job to the Eupora job at the time he received the injuries which resulted in his death. The commission found that Jones was transporting these doors with the knowledge and consent of Mills, if not by his specific orders. There is evidence in the record that Mills instructed or ordered Jones to carry the doors from Houston to Eupora and Mills testimony was that he gave his consent. We are of the opinion that the finding of the commission was amply supported by the evidence and that the relationship of employer and employee was created when Mills instructed or ordered Jones to transport the doors, or gave his express approval, which he admits. The fact that Jones was going to paint the doors that afternoon and then continue to his home in Greenwood would not bar recovery, as his injury and death comes within the meaning of Section 4, Chapter 354, Laws of Mississippi 1948, in that it arose out of and in the course of his employment. Whittemore Bros. Corp. v. De Grandpre, 202 Miss. 190, 30 So. (2d) 896. Here the transporting of the doors was the duty of Mills and the act of Jones was in furtherance of the master's business, from which he received a benefit. In A. L. I., Restatement of Agency, Sec. 236, it is said: ''An act may be within the scope of employment, although done in part to serve the purposes of the servant or of a third person. * * * The fact that the predominant motive of the servant is to benefit himself or a third person does not prevent the act from being within the scope of employment. If the purpose of serving the master's business actuates the servant to any appreciable extent, the master is subject to liability if the act otherwise is within the service. * * *'' Primos v. Gulfport Laundry & Cleaning Co., 157 Miss. 770, 128 So. 507; Delta Cotton Oil Co. v. Elliott, 179 Miss. 200, 172 So. 737, 174 So. 550.

In 27 Am. Jur., Independent Contractors, Sec. 20, we find: "Although in all ordinary transactions, the existence of the relation of independent contractor and principal employer, as between two given persons, excludes that of principal and agent, or master and servant, there is not necessarily such repugnance between them that they cannot exist together with regard to different portions of the same work; and an employee may be an independent contractor as to certain work, and yet be a mere servant as to other work for the same employer. In cases where such concurrent existence is established, however, the enforceability of the claim, whatever it may be, depends upon whether, at the time when the circumstances to which the claim has reference supervened, the person employed was acting in the capacity of an independent contractor, servant, or agent.''

In Parker Stave Co. v. Hines, 209 Ark. 438, 190 S. W. (2d) 620, 623, the Court there said:

██ ■ "This court has also recognized the rule that a workman may be an independent contractor as to certain work and yet be an employee, or servant, as to other work for the same employer. In the recent case of Soltz Machinery & Supply Co. v. McGehee, [208] Ark. [747], 187 S. W. (2d) 896, 898, the following statement from Schneider's Workmen's Compensation Text, Vol. 4, Permanent Ed., Sec. 1076, was cited with approval:

"While in all ordinary transactions the existence of the relation of contractor as between two given persons excludes that of principal and agent, or master and servant, there is not necessarily such a repugnance between them that they cannot exist together, and an employee may be an independent contractor as to certain work, and yet be a mere servant as to other work for the same employer." The decisions recognize this principle.

"The employer, however, is responsible in damages only if the worker was injured while performing that portion of the work in which he was an employee. Indeed, there are fact situations where the worker may co-

exist as an independent contractor and an employee within the compensation acts in his work for the employer, benefits being given or denied according to the relationship of the worker at the time of the injury.''

In Helms v. Sinclair Refining Company, 5 Cir., 170 F. (2d) 289, 291, the Court held: ''We are aware of the fact that generally the existence of the relation of independent contractor and employer excludes the relation between the parties of principal and agent or master and servant. Nevertheless, there is not necessarily such repugnance between them that both relationships could not exist at the same time in connection with different phases of the work. An employee might be an independent contractor as to certain work and a mere servant as to other work not embraced within the independent contract.''

Brook's, Inc., v. Claywell, 215 Ark. 913, 224 S. W. (2d) 37, Syllabus 2: ''One may act in a dual capacity, and if with the knowledge and consent of the employer, he acts in a capacity which confers jurisdiction under the compensation act, he will be considered as acting in that capacity although he has another relationship. Acts 1939, Act No. 319, § 2(c).''

We are of the opinion that the finding of the commission was supported by substantial evidence and the judgment of the court below is affirmed.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated, the judgment of the court below is affirmed.

ON MOTION TO CORRECT JUDGMENT

Mar. 17, 1952 (57 So. (2d) 496)

**Roberds, J.**

Motion has been made by appellee to correct the judgment which was entered here on affirmance of this case

by adding thereto five percent damages as provided by Section 1971, Miss. Code of 1942, and six percent interest on the judgment. It appears that neither the Commission nor the circuit court rendered a money judgment. The judgments, or awards, simply adjudicated that the death was compensable without undertaking to fix the amount of such compensation. We cannot fix the amount here. That will be a matter for the Commission on remand. The judgment here should have been an affirmance on the merits and remand for ascertaining the amount in accordance with our opinion. The motion is overruled but the judgment is modified in the respect indicated.

So ordered.

All Judges concur.