In the Matter of the Claim of JOHN D. AVIS, Respondent, against ELECTROLUX CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant was a salesman of vacuum cleaners. In the course of demonstrating his equipment he put the cleaners in actual use in the homes of prospective customers. When he came home after demonstrations it was his custom to empty the dust bag of its accumulation in the backyard of his home; turn it inside out, and sweep it to be ready for the next day's demonstration. He had no fixed hours of employment: " I worked days or nights." On May 10, 1951 while claimant was cleaning out a dust bag in his yard an owl flew close to his head and the talon of the bird struck claimant's eye causing serious injury. It is not disputed that as a result of this injury claimant suffered a 100% permanent loss of the use of the left eye due to the loss of binocular vision. Appellant argues that even if the power of the board to find that this injury was incurred in the way claimant has testified be conceded, it could not find that the injury arose " out of " the employment; and that even if the cleaning of the bag be found to have been undertaken " in the course of " employment, this kind of injury is not one which could reasonably have been anticipated and did not arise " out of " the employment. An exception exists where the cause of the injury is not a spontaneous incident of the work, but derived from a cause personal to claimant and wholly unconnected with the work (*Matter of Ramos* v. *Taxi Tr. Co.,* 276 App. Div. 101); but that is a narrow and special application which does not apply to events occurring spontaneously while the work is in progress. Here the board could find on this record that in cleaning the dust bag claimant was still engaged in employer's work. Liability in workmen's compensation does not hang on the ability of the employer to anticipate the kind of happening which causes the injury in the sense that liability was measured in tort at common law. It is enough that the injury occurred as an incident to the work itself. The cases in which domestic animals have bitten employees fall in the category in which the casualty would not ordinarily be anticipated unless some dangerous propensity were shown. The decision in *Matter of Kalikoff* v. *Lucas & Co.* (271 App. Div. 942) where claimant was bitten by a cat is an example of this. The cases of injury from explosives suggest how little the anticipation of actual result influences the right to an award when the accident occurs in the course of employment. (*Matter of Franck* v. *Allen,* 270 App. Div. 960; *Matter of Pedersen* v. *Nelson,* 267 App. Div. 843.) On another aspect of the same point see *Matter of Donehue* v. *Hubbard* (246 App. Div. 662). Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Zeller and Gibson, JJ.