EL PATIO MOTOR COURT, INC., et al. *v.* DEPENDENTS OF LONG

No. 42039 November 20, 1961 134 So. 2d 437

*Melvin, Melvin & Melvin,* Laurel, for appellant.

*Beard, Pack, Ratcliff & Dillard,* Laurel, for appellee.

RODGERS, J.

This case was appealed to this Court from the Circuit Court of the First Judicial District of Jones County, Mississippi, from an order affirming the decision of the Workmen's Compensation Commission reversing an order of the attorney-referee. The attorney-referee had denied the claim of dependents of Jessie Long and the Workmen's Compensation Commission allowed their claim for compensation.

It was stipulated that Jessie Long died on April 3, 1959, at the El Patio Motor Courts, Inc., Laurel, Mississippi; that the claimants are Inez Long, the widow, and the dependent children Jerome Long, Helen Marie Long, and Jacklen Long.

The testimony in this case shows that Jessie Long worked for the El Patio Motor Courts as a porter, that on the day of his death he had mowed the yard, moved a heavy baby crib from the basement to the room of a tourist and done other work about the court. It appears that

the deceased had been suffering from pain, which he assumed to be indigestion, all during the day and had purchased Rolaids and Alka-Seltzer in an effort to relieve his pain. The testimony shows that about 8:30 P. M. a customer requested that the heat be turned up and the employee on duty at the desk called Jessie, but he failed to answer. The desk clerk then went down to the room where Jessie was working and found him sitting in a chair with a dishrag in his hand, his head against the dishrack. Some of the dishes had been washed and some were unwashed, there was a Rolaid on the floor and a package of Rolaids on a nearby table. Jessie was dead. A doctor was summoned and after he examined Jessie he pronounced him dead. Two doctors testified in their opinion Jessie Long died from a heart attack and that his condition had been aggravated by his work at the El Patio Motor Court. One doctor testified for defendant that he did not know what caused the death of Jessie Long and that his work would not have aggravated a heart condition.

The defendants appealed from the judgment of the Circuit Court and have offered one assignment of error to-wit, ''The trial court erred in affirming the decision of the Workmen's Compensation Commission.'' Later, a brief was filed setting up two grounds of error on which reversal of the judgment of the Circuit Court is sought: (1) That the presumption of a causal connection between the work and death of Jessie Long is rebuttable and not conclusive and that this presumption has been rebutted by the evidence offered by the witness for the defense in this case. (2) That the evidence introduced showed that the work was not strenuous; that his work on the day of his death was lighter than usual; that at the time of his death the defendant was at rest, sitting in a chair.

The testimony in this case was submitted to the Workmen's Compensation Commission and they found from

the evidence that the claimants and dependents of the deceased Jessie Long "made out a prima facie case" and that the testimony introduced by the defendant did not "overcome the presumptive factors in this cause".

This Court has often held that where an employee is found dead at the place his duties required him to be, or where he might have been in the performance of his duties during the hours of his work, it is presumed that the accident arose out of his employment and within the Compensation Act, in the absence of evidence that he was not engaged in the master's business. See Pearson, et al v. Dixie Electric Power Ass'n., 219 Miss. 884, 70 So. 2d 6; I. B. S. Manufacturing Co. v. Dependents of Mrs. Paul Cook, 241 Miss. 256, 130 So. 2d 557; Majure, et al v. William H. Alsup & Associates, et al, 216 Miss. 607, 63 So. 2d 113; Winters Hardwood Dimension Co., Inc., et al v. Dependents of Dave Harris, 236 Miss. 757, 112 So. 2d 227; M. & W. Construction Co., et al v. Dependents of Horace Victor Bugg, 241 Miss. 133, 129 So. 2d 631; Russell v. Sohio Southern Pipe Lines, Inc., 236 Miss. 722, 112 So. 2d 357; Goodnite v. Farm Equipment Co., 234 Miss. 342, 103 So. 2d 391; Lewis v. Trackside Gasoline Station, 233 Miss. 663, 103 So. 2d 868; Shannon v. City of Hazlehurst, 237 Miss. 828, 116 So. 2d 546.

In this case it was not necessary for the Workmen's Compensation Commission to rely upon the presumption arising out of the sudden unexplained death of an employee, found dead at the place of his employment; because the testimony offered is sufficient to show by circumstantial evidence that the deceased was suffering from a pain which was later diagnosed by two medical doctors to be a symptom of a heart attack. When the defendant was discovered he was sitting in a chair with his head upon the dishrack, where he had beyond any question been washing dishes. He had a dishrag in his hand. It was also evident that he was having pain

because there was a Rolaid on the floor and some on a table near deceased. It was apparent that at the time of his death the deceased was undertaking to alleviate the pain he had previously described to the desk clerk. The proof to establish a claim for Workmen's Compensation is not confined to direct testimony but may be established by a clear preponderance of all of the testimony introduced in connection with all the surrounding conditions and circumstances, and may be shown by circumstantial evidence. Pearson, et al v. Dixie Electric Power Assn., 219 Miss. 884, 70 So. 2d 6.

 We are of the opinion that there was substantial testimony in the record in this case on which to base the judgment of the Workmen's Compensation Commission and the order of the Circuit Court. This Court has repeatedly held that the order of the Workmen's Compensation Commission will not be disturbed on appeal to this Court when it is based upon substantial evidence. I. B. S. Manufacturing Co. v. Cook, supra. ██ ██ It is the duty of the Workmen's Compensation Commission to hear and evaluate the medical evidence, and to accept the testimony the Commission finds most plausible. Cole v. Superior Coach Corp., 234 Miss. 287, 106 So. 2d 71.

It is therefore the order of this Court that the order of the Workmen's Compensation Commission and the judgment of the Circuit Court be and they are hereby affirmed.

██ ██ The attorneys for the dependents of Jessie Long have filed a motion in this Court, accompanied by the proper proof, asking for an allowance of 33⅓ percent of the amount recovered by the dependents of Jessie Long, and it appears to the Court that a copy of the contract entered into with said attorneys is attached to the motion, and that an attorney's fee of 33⅓ percent of the amount recovered should be allowed said attorneys.

The motion of the attorneys for 33⅓ percent of the amount recovered by the dependents of Jessie Long is hereby sustained and allowed.

Affirmed and motion for attorney's fee sustained.

*Lee, P. J.,* and *Arrington, Ethridge,* and *McElroy, JJ.,* concur.